STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. AP-09-42
                                        REC - COM - 3/19 20 2
CITY OF PORTLAND,
      Appellant
                                        ORDER ON THE CITY OF
v.                                      PORTLAND'S APPEAL

FRANCIS COYNE,
      Appellee


## BEFORE THE COURT

Defendant-Appellant, the City of Portland (the "City"), appeals the Small

Claims Court's denial of its Motion to Dismiss in a small claims suit brought by

Plaintiff-Appellee Francis Coyne. In response, Coyne filed a Motion to Dismiss

the Appeal alleging the City of Portland lacks standing to appeal.

## BACKGROUND

This appeal arises out of a small claims suit filed by Coyne on February

25, 2009. Coyne claimed that an employee of the City of Portland destroyed a

sign located at his business on Brighton Avenue, when the employee was

removing snow from the sidewalk with a sidewalk plow. Coyne alleged that the

cost of removing and replacing the destroyed sign was $4,200. On March 13,

2009, the City of Portland filed a Motion to Dismiss the small claims suit for lack

of jurisdiction. The City argued that the Superior Court had original jurisdiction

because the only basis for the City's liability was pursuant to the Maine Tort

Claims Act (MTCA). 14 M.R.S. §§ 8108-8118. Coyne argued that the Small

Claims Court had concurrent jurisdiction with the Superior Court because the

alleged damages did not exceed $4,500, the statutory limit for a small claims suit.

14 M.R.S. § 7482. The Small Claims Court denied the City's Motion to Dismiss.

1

After a hearing on Coyne's small claims suit, judgment was entered for the City of Portland on August 13, 2009.

The City of Portland filed a Notice of Appeal on September 14, 2009, pursuant to Rule 11(d)(2) of the Maine Rules of Small Claims Procedure. The question of law before this Court is whether the Small Claims Court lacked jurisdiction to hear a matter that should have been brought pursuant to the MTCA.[1] Plaintiff-Appellee Coyne claims that the City lacks standing to appeal because the Small Claims court granted judgment for the City, such that the City is not an aggrieved party pursuant to M.R.S.C.P. 11(a).

## DISCUSSION

### 1. Standard of Review

The Maine Rules of Small Claims Procedure and the Maine Rules of Civil Procedure govern small claims appeals from the District Court. "An appeal from a judgment whenever taken, preserves for review any claim of error *in the record.*" M.R. Civ. P. 76D (emphasis added). Generally, a small claims appeal only addresses questions of law. M.R.S.C.P. 11(d)(2). Under this standard of review, the "findings of fact of the District Court shall not be set aside unless clearly erroneous." M.R. Civ. P. 76D. The Superior Court reviews questions of law *de novo. Francis v. Stinson,* 2000 ME 173, ¶ 56, 760 A.2d 209, 220. The City of Portland's appeal is based on a question of law.

### 2. The City's Standing to Bring the Appeal

---

[1] The original small claims complaint did not specify that the action was based on the Maine Tort Claims Act. It is the position of the City of Portland. and this court agrees, that tort claims against a municipality should be brought pursuant to the Maine Tort Claims Act.

The City of Portland argues that the Small Claims Court erred in denying the Motion to Dismiss for lack of subject matter jurisdiction, and that Coyne's claim should have been made pursuant to the Maine Torts Claims Act. According to the MTCA, "[t]he Superior Court shall have original jurisdiction over all claims permitted under this chapter . . . ." 14 M.R.S. § 8106(1). The MTCA shields governmental entities from suit on tort claims, subject to limited exceptions. *Adriance v. Town of Standish*, 687 A.2d 238, 240 (Me. 1996). Under the MTCA, "except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S. § 8103.

Coyne argues that the City lacks standing to bring this appeal. The court agrees. According to M.R.S.C.P. 11(a), only "[a]n aggrieved party may appeal from a judgment of the District Court in a small claims action to the Superior Court." The Maine Rules of Small Claims Procedure does not identify the ways in which a party may qualify as an "aggrieved party." The definition of "aggrieved party" described in *Blaney v. Rittall*, 312 A.2d 522 (Me. 1973), is as follows:

> For aggrievance by a judgment or order, such judgment or order must operate prejudicially and directly upon a party's property, pecuniary or personal rights."

*Id.* at 525. The City obtained a favorable judgment from the Small Claims Court. Absent an appeal by Coyne,[2] the City does not qualify as an aggrieved party to

---

[2] As of Coyne's December 7, 2009 Motion to Dismiss the City's Appeal, Coyne expressed that he has no intention of filing any further brief in this case. Under Rule 11 of the Maine Rules of Small Claims Procedure, at party has at most 74 days to appeal a decision. At this point, the time within which Coyne could have appealed has expired because it has been over six months since the Small Claims decision.

bring this appeal. The Small Claims court's judgment does not operate prejudicially or directly on the City's property, pecuniary or personal rights. Additionally, if the City is concerned about the precedent this case may set, the court notes that Small Claims judgments do not have any value as precedent. As provided by 14 M.R.S. § 7485, "[a]ny fact found or issue adjudicated in a proceeding under this chapter may not be deemed found or adjudicated for the purposes of any other cause of action." 14 M.R.S. § 7485.

## DECISION

Therefore, the entry is:

> The City's Appeal is DISMISSED. In responding to the appeal Coyne asked the Court for an award of attorney's fees. Coyne's request for attorney's fees is DENIED.

Dated at Portland, Maine this ___/8ᵗʰ___ day of ___March___, 2010.

Robert E. Crowley
Justice, Superior Court

4

Date Filed ___10-19-09___     ___CUMBERLAND___     Docket No. ___AP-09-42___

County

Action ___SMALL CLAIMS APPEAL___

FRANCIS COYNE                                CITY OF PORTLAND MAINE

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| C. ALAN BEAGLE, ESQ.<br>26 CITY CENTER<br>PO BOX 7044<br>PORTLAND, ME 04112 | ANN M. FREEMAN, ESQ.<br>ASSOCIATE CORPORATION COUNSEL<br>CITY OF PORTLAND<br>389 CONGRESS STREET<br>PORTLAND, ME 04101 |

Date of
Entry